**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 00-2382

MICHAEL D. COTANT,                                                       APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                           APPELLEE.


Before FARLEY, IVERS, and STEINBERG, *Judges.*

**O R D E R**

The appellant, through counsel, seeks review of an August 21, 2000, decision of the Board of Veterans' Appeals (Board) that denied the appellant's claim for Department of Veterans Affairs (VA) service connection, based on a theory of aggravation of a preexisting injury or disease, for degenerative joint disease of the right hip. On July 30, 2002, the Court issued an order, sua sponte, staying this matter pending the outcome of *Jordan (Timothy) v. Principi*, U.S. Vet. App. No. 00-206, *infra*, or further order of the Court, because one of the issues involved in the two cases – regarding proper interpretation of 38 U.S.C. §§ 311 and 353 (1979) (now sections 1111 and 1153) and the validity of 38 C.F.R. § 3.304(b) (1982) (now 38 C.F.R. § 3.304(b) (2002)) – is substantially similar. The same counsel represents the appellants in the two cases.

Oral argument in *Jordan* was held before a panel on May 1, 2002, and, in a September 26, 2002, opinion, the Court affirmed a November 1999 Board decision that determined that there was no clear and unmistakable error (CUE) in an April 1983 Board decision that had denied the appellant's claim for VA service connection for a right-knee disorder, based on a theory of aggravation of a preexisting injury or disease. *Jordan (Timothy) v. Principi*, 16 Vet.App. 335, 338, 356 (2002). The Court rejected the appellant's statutory-interpretation argument that, notwithstanding 38 C.F.R. § 3.304(b) (1982), the provisions of 38 U.S.C. § 353 (1979) were inapplicable to a claim where a veteran's condition that had not been noted at entry had been found to have been preexisting because the presumption of sound condition, pursuant to 38 U.S.C. § 311 (1979), had been rebutted by clear and unmistakable evidence showing that the condition had preexisted service. *Id.* at 347-49.

On October 17, 2002, the parties in *Jordan* filed a joint motion for panel reconsideration based on newly discovered legislative and regulatory history and recommended that the Court invalidate 38 C.F.R. § 3.304(b) to the extent that it provides that "the presumption of sound condition may be rebutted solely by clear and unmistakable evidence that a disease or injury existed prior to service". Joint Motion (Mot.) at 10. On November 1, 2002, the Court granted that joint motion and withdrew its September 26, 2002, opinion. *Jordan (Timothy) v. Principi*, 2002 WL

31445159, at *2 (Vet. App. Nov. 1, 2002) (quoting Joint Mot. at 11). The Court directed the parties to provide full copies of all pertinent materials regarding Congressional intent in connection with 38 U.S.C. §§ 311 and 353 (1979) and the meaning of the language "and was not aggravated by such service" in section 311. *Jordan (Timothy)*, 2002 WL 31445159, at *3. The parties responded on November 18, 2002.

On consideration of the foregoing, it is

ORDERED that, not later than 15 days after the date of this order, the parties show cause why in the instant case the Court should not take judicial notice of the October 17 and November 18, 2002, pleadings filed in *Jordan* and proceed to decide the section 311/§ 3.304(b) issue in the instant case. It is further

ORDERED that the parties include in their responses to this order their views on the remedy in this case if the Court decides to invalidate § 3.304(b) to the extent recommended by the parties in *Jordan*, supra.

DATED: December 27, 2002                           PER CURIAM.

2